IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSEL GLENDENNING, | ) |
| Plaintiff, | ) 2:10-cv-01465-GEB-KJN |
| | ) |
| v. | ) ORDER DISMISSING ACTION[*] |
| | ) |
| MERCHANTS CREDIT GUIDE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

      Defendant moves to enforce a settlement agreement and for monetary sanctions against Plaintiff and/or his attorney of record, arguing, *inter alia,* Plaintiff has breached the settlement agreement reached on July 29, 2010 by failing to execute "the agreed release." (Def.'s Mot. to Enforce Settlement ("Mot.") 8:9-10.) Plaintiff counters he has not breached the settlement agreement because the parties did not agree upon the terms of a formal release, and there is no basis for monetary sanctions. (Pl.'s Mem. of P.&A. in Opp'n to Mot. to Enforce Settlement ("Opp'n") 1:25-26, 2:14-22, 3:4-9.)

      Plaintiff filed a Notice of Settlement on August 6, 2010, which states in its entirety: "PLEASE TAKE NOTICE that this action has settled in full as to all parties and all causes of action." (ECF No. 8.) Therefore, an order issued on August 9, 2010, which directed the parties to file a dispositional document no later than August 27, 2010.

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

(ECF No. 9.)  A dispositional document was not filed, but each party reveals settlement was reached with the following terms: 1) payment of $3,500, 2) confidentiality of settlement, and 3) prompt payment upon receipt of an agreed release executed by Plaintiff. (Mot, 3:19-22; Opp'n, 2:3-6.) However, they dispute the precise form of release applicable to their settlement.

In federal court, "[t]he construction and enforcement of settlement agreements are governed by principles of [state] law . . . even [if] the underlying cause of action is federal." United Commercial Insurance Service, Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992).  Under California law, "mutual intent is determinative of contract formation." Banner Entertainment, Inc. v. Sup. Ct., 62 Cal. App. 4th 348, 358 (1998). "If there is no evidence establishing a manifestation of assent to the same thing by both parties, then there is no . . . contract formation." Estate of Thottam, 165 Cal. App. 4th 1331, 1340 (2008).  Therefore, a contract is not formed unless the material terms of the contract are reasonably certain. Weddington Productions, Inc. v. Flick, 60 Cal. App. 4th 793, 811-812 (1998).

> When parties [agree] upon all of the [material] terms and conditions of an agreement with the mutual intention that it shall thereupon become binding, the mere fact that a formal written agreement to the same effect is to be prepared and signed does not alter the binding validity of the [agreement].

Kohn v. Jaymar-Ruby, 23 Cal. App. 4th 1530, 1534 (1994).

Since it has not been shown that the disputed terms of the release are material to the parties' settlement agreement, that dispute does not invalidate their underlying settlement. In light of the parties' settlement, this action is dismissed since the federal court has not agreed to exercise jurisdiction over the parties' settlement

agreement.  See Arata v. Nu SkinIntern., Inc., 96 F.3d 1265, 1269 (9th Cir. 1996)(stating "the mere fact that the parties agree that the court [shall] exercise continuing jurisdiction [over their settlement agreement] is not binding on the court.").

Dated:  September 22, 2010

                                                                  GARLAND E. BURRELL, JR.
                                                                   United States District Judge